SELMA LIEB, Appellant, v LEO LIEB, Respondent, et al., Defendant.

Second Department, June 28, 1976

*Steven M. Antler* for appellant.

*Max G. Kosarin* for respondent.

SHAPIRO, J. In an action brought by a wife under CPLR 302 (subd [b]) (the long-arm statute) for (1) temporary and permanent support and maintenance, (2) a decree of attachment of the respondent husband's civil service and United States Army pension and annuities and (3) a counsel fee, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 24, 1976, which granted respondent's motion for summary judgment, without prejudice to the plaintiff's commencement of an in rem or quasi in rem proceeding. We affirm.

### THE FACTS

The plaintiff and the respondent were married in New York on January 1, 1943 and resided there until 1957. In that year they moved to Virginia, where they lived together until 1969, when the respondent allegedly abandoned the plaintiff. The two children born of the marriage in 1943 and 1948 have reached their maturity. The plaintiff thereafter returned to New York and, at the time of the commencement of this action, had resided in this State for more than two years. The respondent is a resident of Nice, France.

The respondent was served with the summons and complaint by registered mail, as permitted by an ex parte order granted by Special Term pursuant to the provisions of CPLR 308 (subd 5). His answer consisted of denials of the allegations

of the complaint and four affirmative defenses attacking the jurisdiction of the court. He also moved for dismissal of the complaint on the ground that the court had no jurisdiction of the cause of action or of him.

## THE STATUTE INVOLVED

The present subdivision (b) of CPLR 302, which governs this appeal, was added to that section by chapter 859 (§ 1) of the Laws of 1974, effective June 7, 1974. It provides: "(b) Personal jurisdiction over non-resident defendant. A court in any matrimonial action or family court proceeding involving a demand for support or alimony may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony [or alimony][1] accrued under the laws of this state or under an agreement executed in this state."

## THE ISSUE AND THE APPLICABLE LAW

The issue therefore is whether that statute, which authorizes the exercise of personal jurisdiction over nonresident defendants in matrimonial actions brought in this State, may be utilized in this support action because it permits such personal jurisdiction "if the party seeking support is a resident of or domiciled in this state at the time such demand is made, *provided that this state was the matrimonial domicile of the parties before their separation*" (emphasis supplied). Does that phrase mean that personal jurisdiction exists if the parties had their matrimonial domicile in this State *at any time before their separation,* or does personal jurisdiction exist only if their matrimonial domicile was located in this State either *shortly before* or at the moment just *prior* to their separation?

In resolving this question consideration of the other grounds set forth in the statute as alternative conditions of the court's

---

1. Brackets added because it appears that the phrase was inadvertently repeated by the Legislature.

obtaining personal jurisdiction of a defendant is relevant. They are, first, if the defendant abandoned the plaintiff in this State; second, if the obligation to pay support or alimony accrued under the laws of this State; or, third, if the obligation to make such payments accrued under an agreement executed in this State. Each of these three alternative grounds reflects involvement of the authority of this State, i.e., serious marital misconduct under our existing law, or disregard of an order, judgment or agreement which has the sanction of our State law. This is quite unlike the alternative with which we are here concerned, which requires only that the parties to the matrimonial action maintained a matrimonial domicile in this State "before their separation", conduct which in no way involves any disregard of State-supported interests. It would be wholly contrary to the limited nature of the three alternative grounds for personal jurisdiction established under subdivision (b) if the phrase "before their separation" in the first alternative were read so broadly as to give the courts of this State personal jurisdiction over an out-of-State or out-of-country defendant simply because the parties, prior to their separation, had a matrimonial domicile in this State, even though a long period of time intervened between the removal of the marital domicile from this State and the separation of the parties occurred in the State where the marital domicile was then located. There is nothing in the language of subdivision (b) of CPLR 302 which indicates that it was the legislative intent to give the courts of this State personal jurisdiction of a defendant simply because the matrimonial domicile was located in this State at some time in the course of the marriage.

An examination of the legislative history of this statute sheds no additional light on the problem. There is no legislative report on the act; nor was there a statement by the Governor on its becoming law. The proposal which ultimately became the new subdivision (b) of CPLR 302 was introduced in the Legislature in the 1972 session as AB 9206. It was substantially similar in language to the present provision. Professors Foster and Freed, the authors of Law and the Family, stressed the need for such legislation in an article which appeared under the title "Thumbs Up for 'Long Arm' Amendment" (NYLJ, May 26, 1972, p 1, col 1). While they did not deal with the ambiguity which is the source of the instant appeal, they did say (p 6, col 2): "The establishment and maintenance of a matrimonial domicile at the forum, *at least within the recent past,* an act of abandonment or other

serious marital misconduct under existing law, are significant matters which may support an exercise of personal jurisdiction over an absent defendant" (emphasis supplied). They went on to say (p 6, col 3): "The only problem is to arrive at a satisfactory and functional definition of the term [matrimonial domicile]. For our purposes it may be sufficient to define matrimonial domicile as that state where the parties *when last together* made their home" (emphasis supplied).

Thus, it is clear that these two authorities on family law viewed the phraseology in the 1972 proposal, which was included in the statute as it was enacted in 1974, as applicable only to cases where the maintenance of the matrimonial domicile within this State—upon which the plaintiff here is seeking to base her claim for long-arm jurisdiction—must have occurred "at least within the recent past". The same authorities hailed the adoption of the new subdivision (b) as a "significant change in the law regarding personal jurisdiction in matrimonial actions" (1 Foster and Freed, Law and the Family, 1975 Supp, § 5:3, p 14). Unlike Dean McLaughlin, however, Professors Foster and Freed took no note of the ambiguity in the use of the word "before" in the first ground of subdivision (b) and made no comment on it. Dean McLaughlin (1975 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 302:27) very presciently posed precisely the question raised on this appeal. He wrote: "Under alternative (2) (a), supra [providing that this State was the matrimonial domicile of the parties before their separation], the statute is unclear as to whether the parties must have been domiciled in New York at the time of their separation or whether a New York domicile at *any* time during their marriage would suffice. For example, would it be sufficient if the spouses were married in New Jersey in 1950; lived in New York until 1965; moved to California in 1970; the husband abandoned the wife in California in 1972; and the wife subsequently established a domicile in New York in 1975? A literal reading of the statute would support the conclusion that the wife could obtain alimony in a New York divorce action. While the writer would be comfortable with this result, it is doubtful that the courts will quickly espouse it. See Renaudin v. Renaudin, 1971, 37 A.D. 2d 183, 323 N.Y.S. 2d 145"[2] (emphasis in original).

---

2. We believe the *Renaudin* case to be inapposite since it was decided prior to the addition of subdivision (b) to CPLR 302.

We believe the legislative intent was correctly reflected in the Foster-Freed article, that the language "provided that this state was the matrimonial domicile of the parties before their separation" means that jurisdiction may constitutionally attach when the matrimonial domicile was in the State "where the parties when last together made their home", and that the phrase "before their separation" is to be read as meaning a separation which took place in this State "at least within the recent past" and not, as here, some 12 years prior to the time of the separation.[3]

Although not referred to in the briefs of the parties, we have examined the text of the long-arm matrimonial action statutes of the six States which have adopted such laws to see whether they shed any light on our problem. Those States are California, Idaho, Illinois, Kansas, Oklahoma and Wisconsin.[4] None is in any way similar in language to our statute. The California statute has no specific provision dealing with matrimonial actions, since it states (Code Civ Pro, § 410.10): *"Basis. A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."* Under that section, the court, in *Soule v Soule* (193 Cal App 2d 443), held that a defendant in a matrimonial action who moved his residence out of the State where the action for divorce, alimony, payment of community debts and of plaintiff's attorney's fees arose, when both parties were residents of California before the action was begun, was subject to the in personam jurisdiction of the California courts even though he was served with process in Montana. In so holding, the court said (p 446): "'When, as in this case, the cause of action arose here out of an activity carried on here at a time when defendant was domiciled here, "the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure" *(International Shoe Co. v. Washington,* 326 U.S. 310, 319 * * *) fully justifies subjecting defendant to the jurisdiction of our courts.' "

---

3. In view of our interpretation of the legislative intent in using the phrase "before their separation", we do not reach the question of whether adopting the plaintiff's contention that those words mean "at any time before their separation" would render the statute constitutionally invalid. (Cf *Hanson v Denckla,* 357 US 235; *Mullane v Central Hanover Trust Co.,* 339 US 306, 315; *Pennoyer v Neff,* 95 US 714.)

4. See Cal, Code Civ Pro, § 410.10; Idaho, Code Civ Pro, § 5-514, subd (e); Ill Rev Stat, ch 110, § 17, subd (1), par (e); § 17, subd (3); Kan Code Civ Pro, § 60-308, subd [b], par [8]; Okla Civ Pro, § 1701.03, subd [a], par [7]; Wisc Stat, §§ 247.057, 247.055, subd (1m).

The Idaho, Illinois and Kansas long-arm statutes governing matrimonial actions brought against a nondomiciliary defendant are substantially similar. Each is general in nature, opening with language to the following effect: Any person, whether or not a citizen or resident of this State, who does any of the acts hereinafter enumerated, thereby submits to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the said acts. The Idaho statute (Idaho Code Civ Pro, § 5-514) contains a subdivision (e), which provides: "The maintenance within this state of matrimonial domicile at the time of the commission of any act giving rise to a cause of action for divorce or separate maintenance." The Illinois statute (Ill Rev Stat, ch 110, § 17, subd [1]) contains a paragraph (e), which provides: "With respect to actions of divorce and separate maintenance, the maintenance in this State of a matrimonial domicile at the time the cause of action arose or the commission in this State of any act giving rise to the cause of action." The Kansas statute (Kan Code Civ Pro, § 60-308, subd [b]) contains a paragraph (8), which provides: "Living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations arising for alimony, child support, or property settlement under article 16, if the other party to the marital relationship continues to reside in the state". The Oklahoma statute (Okla Civ Pro, § 1701.03) is somewhat similar to the California statute, but, in addition, it contains a specific provision governing the reach of the long-arm statute in marital actions. It provides, in relevant part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's: * * *

"(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

The Wisconsin statute establishing long-arm jurisdiction over nondomiciliary defendants in matrimonial actions is unlike any of the foregoing statutes and differs also from the New York statute. Section 247.055 (Wis Stat), which deals with jurisdiction over claims for support, alimony or property division, declares, in relevant part:

"A court of this state having jurisdiction to hear actions affecting marriage may, by service of a summons and complaint pursuant to ss. 247.061, 247.062 or 247.063, hear actions or determine claims against the defendant for support, alimony or property division under any of the following circumstances: * * *

"(1m) *Personal jurisdiction over nondomiciled defendant.* If personal jurisdiction over the defendant is acquired under s. 247.057, the court may determine claims and enter a judgment in personam against the defendant in an action to determine a question of status under s. 247.05(1), (2) and (3), or in an independent action for support, alimony or property division. Such independent action must be commenced in the county in which the plaintiff resides. at the commencement of the action."

Section 247.057 (Wis Stat), which deals with actions in which personal claims are asserted against nondomiciliary defendants, provides:

"If a personal claim is asserted against the defendant in an action under s. 274.05(1), (2) or (3) or 247.055 (1m), the court has jurisdiction to grant such relief if:

"(1) The defendant resided in this state in marital relationship with the plaintiff for not less than 6 consecutive months within the 6 years next preceding the commencement of the action;

"(2) After the defendant left the state the plaintiff continued to reside in. this state".

Thus, it is clear that all six States which, like New York, have enacted long-arm statutes to establish personal jurisdiction over nondomiciliary defendants in matrimonial actions, place perimeters around such jurisdiction which are consistent with the last three alternatives of our statute, and which are far more limited than the interpretation which plaintiff urges that we apply to the first alternative of our statute, to wit, that the statute applies if the parties have at *any time* "before their separation" maintained a marital domicile in this State.

California, by judicial interpretation of its statute, requires that the marital domicile must have been in California at the time the defendant left the plaintiff *(Soule v Soule,* 193 Cal App 2d 443, *supra).* Idaho and Illinois require the maintenance within the State of a matrimonial domicile at the time of the commission of any act which gives rise to the cause of

action for divorce or separate maintenance. Kansas requires the parties to have been living in a marital relationship within the State as to all obligations arising from alimony, child support or property settlement, plus the added proviso that the other party to the marital relationship *"continues* to reside in this state" (emphasis supplied). Oklahoma requires that the defendant be shown to be "maintaining any other relation to this state or to persons or property including support for minor children, who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States." The Supreme Court of Oklahoma, in *Hines v Clendenning* (465 P 2d 460), ruled that its statute justified the court's taking personal jurisdiction of a nondomiciliary defendant husband who had abandoned the plaintiff wife, whom he had married in Oklahoma, with whom he had twice resided in Oklahoma under circumstances strongly indicating domicile, who had attended college in Oklahoma and had obtained a license to practice medicine there, had registered to vote and did vote there, and who sent his wife back to Oklahoma, her home State and the home of her parents, and who refused to permit her to return to him in California.

Wisconsin, the State which established the least restrictive test, requires not merely that the defendant have resided in the State in marital relationship with the plaintiff, but also that the marital residence within the State have lasted not less than six consecutive months within the six years next preceding the commencement of the action.

Our examination of the manner in which the six other States with long-arm statutes governing personal jurisdiction of the defendant in matrimonial actions establish limitations for invoking their statutes, makes it clear that none has been willing to go as far as the plaintiff here contends our State Legislature went when it used the phrase "before their separation" in our statute. We do not agree with that contention. The order appealed from should therefore be affirmed.

MARTUSCELLO, Acting P. J., COHALAN, DAMIANI and TITONE, JJ., concur.

Order of the Supreme Court, Queens County, dated March 24, 1976, affirmed, without costs or disbursements.