■　VIRGINIA SCIAME, Respondent, v CHARLES SCIAME, JR., Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Nassau County, dated June 3, 1976, which denied his motion to dismiss that part of the complaint which seeks a judgment for arrears of alimony and child support due under a prior judgment of separation. Order affirmed, with $50 costs and disbursements. In the instant case, the parties spent their entire married life together in this State prior to the judgment of separation. The support provisions of that judgment accrued under the laws of this State. Personal jurisdiction over the defendant was properly acquired pursuant to CPLR 302 (subd [b]), which may be given retroactive effect because of the prior judgment of separation (see *Lieb v Lieb,* 53 AD2d 67). There has been no showing by the defendant husband that he justifiably relied upon the then existing law (see *Simonson v International Bank,* 14 NY2d 281). Because the support provisions of the judgment of separation accrued under the laws of this State, the trial court may entertain the application for an award of arrears for alimony and child support (see Domestic Relations Law, § 236). Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.

■　J. STANLEY SHAW, Appellant, v FRANKLIN INVESTORS COMPANY, Also Known as I. N. V. COMPANY, et al., Respondents, et al., Defendants.—In an action *inter alia* to enforce an attorney's lien allegedly obtained in a certain foreclosure action, plaintiff appeals from an order of the Supreme Court, Queens County, entered May 26, 1976, which denied his motion for partial summary judgment as against defendants Franklin Investors Company and YMF Holding Corp. Order affirmed, with one bill of $50 costs and disbursements jointly to respondents appearing separately and filing separate briefs. On this record, wherein the foreclosure action was never consummated, we believe that there are factual issues which can only be determined at a trial and agree with Special Term that summary judgment cannot be granted. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.