OPINION OF THE COURT
Alfred J. Weiner, J.
By motion returnable November 13, 1978, respondent has moved this court for an order dismissing a petition for enforcement of a support order made by another court.
Respondent claims that CPLR 302 (subd [b]) does not confer jurisdiction upon the New York courts in this proceeding, in that the matrimonial domicile at the time of the parties’ separation was in New Hampshire.
The facts set forth in the parties’ affidavits, which include the New Hampshire divorce decree and Master’s report relied upon by the respondent and made a part thereof, establish that the parties were married on June 8, 1956. In 1966, they *478 purchased a home in Spring Valley, New York, which served as their homestead and where the petitioner has continued to reside to date. In 1973, the parties hereto jointly purchased a condominium in New Hampshire, which served as a ski lodge and an income producing, rental property. On or about January of 1974, the respondent formulated his intention to make New Hampshire his domicile, and did become so domiciled. The parties were divorced in New Hampshire on September 21, 1977.
CPLR 302 (subd [b]) states in part that: "A court in any matrimonial action or family court proceeding involving a demand for support or alimony may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of the state * * * if the party seeking support is a resident of or domiciled in the state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation.”
The clear intent of CPLR 302 (subd [b]) was to allow a New York resident to exercise personal jurisdiction over an absent defendant for the purpose of receiving support. Enforcement proceedings before the Family Court provide a forum through which a party may pursue an order or decree granting alimony, and so would come within the purpose of this statute so long as New York was the matrimonial domicile of the parties before their separation.
Lieb v Lieb (53 AD2d 67, 71) provides the court with a guideline for determining the State of matrimonial domicile. " 'For our purposes, it may be sufficient to define matrimonial domicile as that state where the parties when last together made their home’ (emphasis supplied).”
It is clear to this court from reading the Master’s report of March 8, 1977, and approved by the Presiding Justice of the Superior Court of Grafton County, State of New Hampshire, that the only issue decided in the Master’s report was not, as contended by the respondent, whether New Hampshire was the State of the matrimonial domicile, but rather whether there was a sufficient nexus between the respondent and the State of New Hampshire to allow him to use the courts of that State. The Master’s report states, in conclusion, only that: ''16. The plaintiffs intention to become a domiciliary of New Hampshire coupled with his actual physical presence and his actions were, and are, sufficient to establish his New Hamp *479 shire domicile prior to one year next preceding the commencement of his Libel for Divorce.”
The issue of whether the matrimonial domicile of the parties was in New York or New Hampshire prior to the divorce, was never determined by the New Hampshire court.
The respondent has set forth no facts in his affidavit to indicate that the parties last resided together in a State other than New York, and has failed to establish that the matrimonial domicile was in any State other than New York.
Accordingly, the motion of the respondent is, in all respects, denied.