OPINION OF THE COURT
Bernard E. Stanger, J.
This is a motion by respondent to dismiss this proceeding for support of his children on the grounds that he is domiciled in the State of New Jersey and that the long-arm statute contained in CPLR 302 (subd [b]) does not permit petitioner in this court to obtain jurisdiction over his person.
The instant proceeding has been initiated by the Rock-land County Department of Social Services as assignee of the petitioner, whose children are receiving public assistance from this county.
Following the commencement of this proceeding in March, 1983, respondent not only did not appear, but did not object to the jurisdiction of this court through counsel. When respondent was notified on April 12, 1983 that a warrant would be issued for his arrest failing his appearance at the next session of the matter, counsel intervened and brought on the present motion, arguing that this court is without jurisdiction over him.
The respondent stated in his argument that the parties were married in New York State in 1964 and that New York State was their marital domicile for almost seven *821 years when they moved to the State of New Jersey in 1971 and lived there for four years prior to separation. Both children of the marriage were born in New York State. In 1975, following a nonmerged divorce decree based upon a written separation agreement, the wife and the two children returned to this county where they continue to reside and were residents at the time the proceeding commenced.
Respondent contends that CPLR 302 (subd [b]) does not provide authority to confer in personam jurisdiction over him and this argument is predicated on an interpretation of the afore-mentioned statute, which we feel to be the key to this entire question. The portion of the statute in question states that the Family Court may exercise personal jurisdiction over a respondent who is no longer a resident or domiciliary of this State provided “this state was the matrimonial domicile of the parties before their separation”. Respondent argues that this section means immediately before the parties were separated, whereas the County Attorney who is opposing this motion, states that the word “before” means at any time prior to the separation. Thus, what we are required to find is what the Legislature of the State of New York meant by this language.
The law in the Second Department on this issue is found in Lieb v Lieb (53 AD2d 67), which was decided in 1976. In that case, the parties had ended their marital domicile in New York 12 years prior to the commencement of the Family Court proceeding in this State. The Appellate Division resolved the word “before” as meaning domiciled recently prior to separation.
We would be both inclined and duty bound to follow this decision except for subsequent developments which make this decision distinguishable from a much more recent interpretation. We refer to Paparella v Paparella (74 AD2d 106), decided in 1980. In that case, the Appellate Division commented upon the fact that the Legislature of the State of New York in 1979 expressly considered whether domicile in this State was required to be the last marital domicile of the parties prior to their separation. Such an amendment was actually proposed and rejected by the Legislature. The court made the following observation (p *822 111): “The language of the statute itself requires only that this State have been the matrimonial domicile of the parties ‘before their separation’, with no temporal refinement placed upon that requirement. Courts should not add restrictions or limitations to the wording of a statute where none exist (Matter of Erie County Agric. Soc. v Cluchey, 40 NY2d 194, 200; see, also, McKinney’s Cons Laws of NY, Statutes, Book 1, §§ 94, 114).” The court also noted that the factual difference in the Paparella case (supra) and the Lieb case (supra) was that in the Lieb case there was the 12 years’ lapse (as we have just mentioned) whereas the lapse in the Paparella case was 2 years. In the present case, the lapse of time was 4 years. For all of the foregoing reasons we distinguish the holding in the Lieb case.
Another consideration which has an important bearing upon the determination of this motion is an amendment to CPLR 302 (subd [b]) which occurred following the decision in the case of Matter of Nilsa B. B. v Clyde H. (84 AD2d 295). This case was a paternity proceeding which sought to invoke CPLR 302 (subd [b]) on the grounds that the long-arm application would arise from the language “obligation to pay support”, which language was then in the statute. The court reluctantly held that “an obligation to pay support” arose only after the entry of an order of filiation and support and that there was thus not an obligation to support at the time of the birth of the child.
By amending the statute three months later, the Legislature substituted.the words “claim for” in lieu of the word “obligation” since a claim for support arises upon the birth of a child in the State of New York under section 413 of the Family Court Act, where parentage is not in dispute and thus raises a duty upon both parents to support the child. As previously noted, the two children of the marriage were both born in New York State, giving rise to a continuing claim for support barring circumstances which would lift the obligation. It is, therefore, clearly apparent that the long-arm section of the CPLR relating to matrimonial matters encompasses the facts and circumstances relating to the respondent in this present case.
Due process of law is another factor that must be considered, namely, whether the respondent had any contact of a *823 meaningful basis with the State of New York. At the time of oral argument the County Attorney alleged that the respondent, at the time this proceeding was commenced, was actually employed by a corporation located in the City of New York. Additionally, respondent was said to maintain bank accounts in the State of New York, and we hold that not only the respondent, but obviously the petitioner as well, have more or less continuously had contact with the State of New York.
From all of the foregoing, we find that the long-arm statute of the CPLR contained in CPLR 302 (subd [b]) has adequately conferred in personam jurisdiction over the respondent, and the motion to dismiss is denied.