Doris B. McCasland, Appellant, v Merritt J. McCasland, Respondent.

Third Department, October 31, 1985

### APPEARANCES OF COUNSEL

*Feit & Schlenker* (*Arthur J. Siegel* of counsel), for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey* (*John D. Rodgers* of counsel), for respondent.

### OPINION OF THE COURT

Casey, J.

The action underlying this appeal was commenced by plaintiff on June 14, 1984 by service of a summons and complaint upon

defendant in Florida. The complaint alleges that both parties are residents of Florida; that plaintiff seeks an order providing for the equitable distribution of marital property, located here, and disposition of the separate property of the parties following the Florida judgment of divorce pursuant to Domestic Relations Law § 236 (B) (5) (a); and that in addition to personal jurisdiction over defendant, New York has in rem or quasi in rem jurisdiction over property, real and personal, in the State, as well as with respect to the domestic corporations.

It appears that the parties were married on April 19, 1949 in Connecticut, moved to New York in 1950, and resided here until 1979. During this time defendant formed three New York corporations, McCasland Truck Center, Inc., Northern States Truck Center, Inc., and Northern States Holding Corporation. In 1979, the parties moved to Florida and established residence there. Marital differences thereafter arose, resulting in a settlement agreement dated May 12, 1982. In article V of this agreement, entitled "Reservation of Rights to Sue", defendant acknowledges that plaintiff claims a right, title and ownership in the property of the corporations, and that her execution of the agreement did not waive any such claim, and that she may "pursue any such claims and rights against [defendant], said entities and/or the alleged present or past owners of such entities as she may choose in any court(s) of competent jurisdiction which may have jurisdiction over said individuals and/or entities." The agreement also provides, in article XIX, that "the law of the State of Florida shall be the operative and binding law for purposes of interpretation, if any, and enforcement of this settlement agreement".

On or about June 10, 1982, this agreement was incorporated by reference in a judgment of divorce entered in the Circuit Court of Broward County, Florida. Thereafter, plaintiff commenced this action and defendant moved to dismiss the complaint for lack of personal or subject matter jurisdiction and because New York was not a convenient forum for the action pursuant to CPLR 327. Plaintiff cross-moved for an order restraining defendant from transferring any interest he might have in the three New York corporate entities. Special Term granted defendant's motion to dismiss for lack of jurisdiction and, accordingly, did not address plaintiff's motion for a temporary restraining order.

Essentially, plaintiff is attempting to enforce her claimed right in and to the New York corporations by resort to the equitable distribution provisions of Domestic Relations Law § 236 (B) (5). The relief sought "following a foreign judgment of

divorce" is a matrimonial action (Domestic Relations Law § 236 [B] [2]) and in order to maintain such an action in New York, jurisdiction must first be obtained. In this respect, CPLR 302 (b) provides that a court in any matrimonial action* involving distributive awards or special relief may exercise personal jurisdiction over the respondent or defendant, notwithstanding the fact that he or she is no longer a resident or domiciliary of this State, if the party seeking relief is a resident of or domiciled in this State at the time such demand is made, provided that certain other conditions are also met. Inasmuch as plaintiff is not a resident of or domiciled in this State, and because the other conditions have not been met, CPLR 302 (b) does not authorize the exercise of long-arm jurisdiction over defendant, who is neither a resident nor a domiciliary of New York (see, Lieb v Lieb, 53 AD2d 67).

Plaintiff contends that since defendant formed, owns and operates the New York corporations referred to in the complaint, he transacts business within the State and is subject to long-arm jurisdiction under CPLR 302 (a) (1). As noted above, however, plaintiff's action is a matrimonial action and is governed by CPLR 302 (b). Plaintiff's action seeks relief created by Domestic Relations Law § 236 (B) based upon obligations or rights which flow from the marriage. The action does not arise from defendant's transaction of any business in this State. By similar analysis, plaintiff's claim that New York courts have in rem or quasi in rem jurisdiction must also be rejected. Plaintiff's action for equitable distribution following a foreign judgment of divorce is purely a creature of statute (Domestic Relations Law § 236 [B]). While New York courts may exercise in rem jurisdiction to affect marital status under Domestic Relations Law § 236 (B), an adjudication of economic rights, such as maintenance or equitable distribution, requires personal jurisdiction over the nondomiciliary spouse (Scheinkman, 1982 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 230, C230:1 [1977-1984 Supp Pamph], p 8).

■ Next, we reject plaintiff's claim that the agreement, executed in Florida by Florida residents to resolve economic issues arising out of the dissolution of a marriage in Florida, and specifying that Florida law shall control, provides a basis for New York courts to exercise long-arm jurisdiction over defendant. The language of the agreement cannot be construed as a

---

* CPLR 105 (p) defines "matrimonial action" as including certain enumerated types of actions. While the list does not include an action for equitable distribution following a foreign judgment of divorce, it is apparent that the list in CPLR 105 (p) was not intended to be exclusive.

consent by defendant to the exercise of such jurisdiction. Rather, at best, plaintiff preserved whatever rights she may have had concerning the New York property, including the right to pursue her claim in any court that has jurisdiction. When the agreement was executed, prior to the entry of the Florida divorce, equitable distribution was available only as ancillary relief in an action for divorce, dissolution, annulment or declaration of the nullity of the marriage (Domestic Relations Law § 236 [B] [5]), an action she could not have maintained in New York because of the residency requirements of Domestic Relations Law § 230. After entry of the Florida judgment of divorce, a separate action for equitable distribution was available in New York (Domestic Relations Law § 236 [B] [5]), but as discussed above, New York courts lack the necessary personal jurisdiction over defendant. Since the agreement constitutes nothing more than a reservation of rights, it cannot be construed as conferring upon New York courts personal jurisdiction over defendant which would otherwise be lacking.

The order dismissing the complaint should, therefore, be affirmed.

KANE, J. (dissenting). Although utilization of in rem and quasi in rem jurisdiction should be carefully scrutinized, "when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction" (*Shaffer v Heitner,* 433 US 186, 207). It is well established that the situs of a shareholder's interest is where the corporation is organized so as to provide a jurisdictional nexus (*Holmes v Camp,* 219 NY 359; *Oliner v Canadian Pac. Ry. Co.,* 34 AD2d 310, *affd* 27 NY2d 988). Therefore, it is our opinion that in rem jurisdiction exists since the action's remedy seeks *only* distribution of shares of closely held New York corporations, utilizing marital laws to define the distribution (Siegel, NY Prac § 101, at 118-119; § 103, at 121-122). As a leading commentator has stated, "[a]s long as the resulting judgment is limited to affecting interests in property in New York, the court can * * * do anything at all with regard to the merits" (*id.,* § 103, at 121).

Such a result was clearly contemplated by the parties (*cf. Shaffer v Heitner, supra,* p 207), as evidenced by the uncontradicted statement in plaintiff's affidavit that: "it was agreed that I would have the right to commence an action at a later date in the New York courts in order to obtain equitable distribution of marital assets located in New York. This is clearly the intention and purpose of Article V of the Settlement Agreement."

We would, accordingly, reverse Special Term's order and deny defendant's motion.

MAIN and HARVEY, JJ., concur with CASEY, J.; MAHONEY, P. J., and KANE, J., dissent and vote to reverse in an opinion by KANE, J.

Order affirmed, with costs.