Zahra v Zahra (2004 NY Slip Op 50305(U))

[*1]

Zahra v Zahra

2004 NY Slip Op 50305(U)

Decided on February 2, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2004

Supreme Court, Nassau County
 NORMA ZAHRA, Plaintiff,
against
FRANCIS J. ZAHRA, Defendant.
INDEX NO: 202821/03

Kimberly B. Fischer, Esq.
Attorney for Plaintiff
250 Old Country Road, Suite 506
Mineola, NY 11501
DaSilva, Hilowitz & McEvily LLP
Attorneys for Defendant
585 Stewart Avenue
Garden City, NY 11530

WILLIAM R. LaMARCA, J.
Defendant/husband moves for an order dismissing this action for divorce on the grounds that the plaintiff/wife does not have the required residence in New York to commence this action and that personal jurisdiction over the husband, a Florida resident, cannot be obtained under the "long arm" statute. The wife opposes the motion which is determined as follows:
The wife commenced the action on September 19, 2003 by filing a Summons With Notice with the Nassau County Clerk. The husband claims that the wife fails to meet the residency requirements of Domestic Relations Law (DRL) § 230 as she has lived in this State for less than one (1) year prior to the commencement of the action, the cause of action did not occur in this State and the husband has not resided in this State in the last twelve (12) years. The husband further asserts that personal jurisdiction has not been obtained over him as there is a lack of minimal contacts with the State to permit New York's "long arm" statute to apply (CPLR § 302 [b]). During the marriage, the parties divided their time between Florida and Connecticut until July 16, 2003, when the parties purchased a co-op in Freeport, New York, about four weeks prior to commencement of the action. The husband asserts that the wife refused to return with him to the "marital residence" in Florida where they have resided for the last twelve (12) years and that the New York action for divorce must be dismissed as the Court has not acquired subject matter jurisdiction over the case.
In opposition, the wife asserts that from October 2002 forward, her visitation from time to time with her daughter who resides in Long Beach, New York, satisfies the residency requirement of the statute. She states that at that time, she decided that she wanted to permanently relocate to [*2]Nassau County, New York, to be near her children and grandchildren. She claims that after closing on the New York co-op, and while the parties were residing there prior to their winter return to their Florida home planned for September 2003, the husband abandoned her and "cleared out the entirety of their bank account" giving rise to a cause of action in this state under the "long arm" statute. She urges that both DRL § 230 and CPLR § 302 (b) have been satisfied and that this Court has both subject matter and personal jurisdiction over the husband in this case.
The residency requirements to sustain an action for divorce are found in DRL § 230, as follows:

An action to annul a marriage, or to declare the nullity of a void marriage, for divorce or separation may be maintained only when:
1. The parties were married in the state and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding; or
2. The parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding; or
3. The cause occurred in the state and either party has been a resident thereof or a continuous period of at least one year immediately preceding the commencement of the action; or
4. The cause occurred in the state and both parties were residents thereof at the time of the commencement of the action; or

5. Either party has been a resident of the state for a continuous period of at least two years immediately preceding the commencement of the action. (Emphasis supplied).
The wife has not met any of the residence requirements to sustain a cause of action for divorce in New York. The Court finds that intermittent visits with her daughter in New York does not satisfy the "continuous" residency for a period of one year prior to commencement of the action as required by the statute. Further, even assuming that the parties were residing together in the Freeport, New York home at the commencement of the action, under sub-paragraph 4 of the statute, the wife has not articulated a cause of action for cruel and inhuman treatment and/or abandonment (which must be in existence for one year prior to commencement of the action) which is sustainable. Accordingly, that portion of the wife's action that seeks a divorce and equitable distribution of the parties' assets is dismissed.
However, the Court finds that personal jurisdiction over the husband for the purpose of awarding ancillary relief such as spousal support, payment of insurance and the like, exists pursuant [*3]to CPLR § 302 (b) which provides personal jurisdiction over a non-resident defendant in matrimonial actions " if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the claim for support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state...". The Court credits the wife's assertions that the parties purchased a co-op in New York and were living there prior to the husband's abrupt departure and abandonment. The Court finds that the husband has the necessary minimal contacts with the State to acquire personal jurisdiction over him for the purpose of seeking support, if the wife be so advised. See, Lieb v. Lieb, 53 AD2d 67, 385 NYS2d 569 (2nd Dept. 1976).
All further requested relief not specifically granted is denied.
This constitutes the decision and order of the Court.
Dated: February 2, 2004
WILLIAM R. LaMARCA, J.S.C.
zahra,n#01/cplr
Decision Date: February 02, 2004