■ NANCY B. RICHARDSON, Appellant, v ROBERT B. RICHARDSON, JR., Respondent.—In an action, *inter alia,* to modify a Texas divorce decree, plaintiff appeals from an order of the Supreme Court, Westchester County, dated September 13, 1976, which granted defendant's motion to dismiss the causes of action alleged in the complaint. Order affirmed, without costs or disbursements. New York has no jurisdiction over the first cause of action since the last substantial matrimonial domicile before the separation took place was in Texas (see CPLR 302, subd [b]; *Lieb v Lieb,* 53 AD2d 67). As

such, it has the closest continuing relationship with the family (see, generally, *Santamaria v Santamaria,* 74 Misc 2d 657, 660). Furthermore, New York has no personal jurisdiction over the second and third causes of action because the separation agreement entered into in New York was incorporated into the Texas agreement. Thus, it does not fall within the ambit of CPLR 302 (subd [a], par 1) (see *Carmichael v Carmichael,* 40 AD2d 514). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.