Barbara S. Lynch, Respondent, v Thomas E. Austin, Appellant.

Third Department, November 3, 1983

APPEARANCES OF COUNSEL

*Ainsworth, Sullivan, Tracy & Knauf* (*Margaret M. Comard* of counsel), for appellant.

*Hinman, Straub, Pigors & Manning* (*Peter L. Rupert* of counsel), for respondent.

OPINION OF THE COURT

Levine, J.

The parties to this action were married in 1961 in Pennsylvania and immediately established their marital residence in New York. Plaintiff and the two children of the marriage have continuously remained residents of this State. In 1966, defendant left their jointly owned marital residence and moved to California. Plaintiff then commenced a divorce action in this State and defendant appeared by a New York attorney. Plaintiff obtained an order awarding her temporary alimony and child support. Subse-

quently, she changed attorneys and her new counsel entered into protracted negotiations with defendant's California counsel, by telephone and the mails, culminating in the separation agreement which was executed by defendant in California and by plaintiff in New York. Within a year, defendant instituted a California divorce action in which plaintiff voluntarily entered an appearance. A decree of divorce was granted in that action which incorporated, but did not merge, the terms of the separation agreement. The agreement contained clauses providing for annual escalation of child support payments, tied to increases in the Consumer Price Index, and for defendant's payment of the reasonable expenses of a college education for each child.

Alleging in her complaint that defendant had refused to make payments required under each of the foregoing provisions of the separation agreement, plaintiff brought the instant action in New York State Supreme Court, Albany County. Defendant was served by substituted service at his residence in California. He then moved to dismiss on the ground that the New York court lacked personal jurisdiction. It is from Special Term's denial of that motion that defendant now appeals.

Both sides agree that the controlling procedural statutory provision is CPLR 302 (subd [a], par 1), which authorizes the exercise of long-arm jurisdiction over a nonresident defendant who has transacted any business within this State when the plaintiff's cause of action arises out of that transaction of business. It is by now settled that the negotiation, execution or performance of a separation agreement, resolving the marital dispute between the parties and fixing their respective rights and obligations regarding child custody, marital property and support, may constitute the transaction of business for long-arm jurisdictional purposes (*Abbate v Abbate,* 82 AD2d 368, 384; *Kochenthal v Kochenthal,* 28 AD2d 117, 119-121). It is equally settled that the legislative intent in enacting CPLR 302 (subd [a], par 1) was, through broad inclusive statutory language, to take full advantage of the liberalizing of the exercise of extraterritorial State court jurisdiction permitted under the due process clause by the United

States Supreme Court in *International Shoe Co. v Washington* (326 US 310) and later cases (see *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 456-457, cert den *sub nom. Estwing Mfg. Co. v Singer,* 382 US 905). Defendant urges that despite the modern day expansion of long-arm jurisdiction by statute and case law, he engaged in no acts with respect to the separation agreement itself which would subject him to the in personam jurisdiction of the New York courts. Specifically, he points out that he retained California counsel to represent him in the negotiations leading to the agreement, that all negotiations on his behalf were conducted by mail or telephone from California and that he executed the agreement in that State. Undoubtedly, were one or more of the acts referred to by defendant done in New York rather than in California, they would have constituted a sufficient transaction of business to establish New York jurisdiction (see *Kochenthal v Kochenthal, supra*).

Yet the converse, that there is no jurisdiction without the physical occurrence of such activities within this State, is not necessarily true. The test is broader than that. Variously stated, it is whether the defendant engages in conduct or a transaction by which he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Hanson v Denckla,* 357 US 235, 253), or whether his "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there" (*World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 297). The *physical* presence of defendant or location of acts on his behalf in New York are only symbols of the requisite activities satisfying due process (*Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17). Thus, in contract litigation, "[i]t is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State" (*McGee v International Life Ins. Co.,* 355 US 220, 223). New York decisions similarly have rejected the restricted view advocated here by defendant which focuses primarily on the events surrounding the execution of the contract. It has been held that the *entire* transaction involving the contract, not

merely the place of its negotiation and execution, must be examined (*Collateral Factors Corp. v Meyers,* 39 AD2d 27, 29). Even though formal execution of the contract may have occurred outside New York, "the statutory test may be satisfied by a showing of other purposeful acts performed by the appellant in this State in relation to the contract, albeit preliminary or *subsequent* to its execution" (*Longines-Wittnauer Watch Co. v Barnes & Reinecke, supra,* p 457 [emphasis added]).

In our view, the instant case presents facts and circumstances clearly bringing it well within the foregoing standards for the exercise of in personam jurisdiction. The contract itself is permeated with reciprocal rights and obligations connected with New York. It granted defendant the right to visit with his children here; under the contract, defendant released any claim to marital personal property possessed by plaintiff here; it provided for defendant's retention of his interest in the New York marital residence; plaintiff agreed thereunder to pay the taxes, maintain the property and insure it for her and defendant's mutual protection; the parties agreed to share the cost of major repairs to the property. Thus, the conclusion is inescapable that, under the contract itself, defendant purposefully availed himself of the potential benefits of New York law to protect his New York property interests and for the enforcement of his contractual rights.

Furthermore, events subsequent to the execution of the contract, as described in the uncontested averments of plaintiff's opposing affidavits, establish that by defendant's own acts, the agreement was substantially performed in New York in his exercise of visitation here and payment of alimony and support from a New York trust. Moreover, defendant's activities prior to the separation agreement cannot be ignored for purposes of testing the propriety of New York State court jurisdiction. New York was the marital domicile and has always been the State of residence of his children. Defendant was a party to a New York divorce action, settlement of the nonstatus issues of which formed part of the consideration for the agreement now sought to be enforced here. The latter fact was expressly recited in the agreement. Therefore, it was not

unfair for Special Term to have considered the agreement as the "culmination" of defendant's prior marital activities in New York and inseparable therefrom.

Finally, it is also significant that New York has clearly manifested its interest in asserting jurisdiction over non-residents to enforce their obligations of supporting their New York dependents where, as here, New York had been the marital domicile before separation (see CPLR 302, subd [b]; *McGee v International Life Ins. Co., supra;* cf. *Kulko v California Superior Ct.,* 436 US 84, 98).

For all of the foregoing reasons, we hold that personal jurisdiction over defendant was properly obtained and that defendant's motion was, therefore, properly denied.

The order should be affirmed, with costs.

KANE, J. P., MAIN, CASEY and WEISS, JJ., concur.

Order affirmed, with costs.