■ ANGELICA MOGAVERO, Appellant, v JOSEPH A. MOGAVERO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered September 9, 1983 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint. ¶ Plaintiff wife and defendant husband were married in 1960 and lived in Otsego County until plaintiff left the marital residence with their three children. In 1971, she moved to California and, in 1975, commenced an action in the California courts for a divorce, child custody, alimony and child support. Defendant was served with process in New York but never appeared in the California action. Plaintiff was granted the full relief she sought in a default judgment. She commenced the instant action in New York to collect arrearages in support payments that had accumulated under the terms of the California decree. Special Term granted defendant summary judgment dismissing the complaint upon the ground that, because the California divorce court lacked personal jurisdiction over him, the financial terms of its decree are not entitled to full faith and credit in New York. This appeal then ensued. ¶ The test formulated by the United States Supreme Court in *International Shoe Co. v Washington* (326 US 310) controls whether a State court may exercise in personam

jurisdiction over a nonresident defendant. *International Shoe Co.* requires the existence of sufficient "minimum contacts" by a defendant with the forum State so that subjecting him to that State's jurisdiction is consistent with "'traditional notions of fair play and substantial justice'" (*International Shoe Co. v Washington, supra,* p 316, quoting *Milliken v Meyer,* 311 US 457, 463). Such contacts must be the result of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Hanson v Denckla,* 357 US 235, 253). ¶ The record uncontrovertibly establishes that defendant never consented to plaintiff's move to California with the children and that the only acts engaged in by him having even the remotest connection with that State consisted of a brief visit while serving in the Navy before the parties married, his sending support checks there and providing the round-trip cost of transporting his children to New York for visits. These contacts are sparser than those found by the Supreme Court to be insufficient to establish personal jurisdiction in *Kulko v California Superior Ct.* (436 US 84), an alimony and child support enforcement case similar to the instant action. Plaintiff concedes as much, but attempts to distinguish *Kulko* on the ground that the husband in that case, who was served with process in New York, appeared specially in the California action to contest jurisdiction whereas defendant in the instant case simply ignored California process. This is a distinction without a difference for due process purposes. In merely ignoring the California summons, defendant committed no purposeful act by which he submitted to, or waived the absence of, the jurisdiction of the California courts. Indeed, in several notable cases where the Supreme Court held that personal jurisdiction was lacking, the nonresident parties likewise simply failed to respond in any way to out-of-State service of process (see *Hanson v Denckla,* 357 US 235, *supra; Vanderbilt v Vanderbilt,* 354 US 416). In *Vanderbilt,* the Supreme Court, in dealing with a similar issue to that presented here, held: "It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction" (*Vanderbilt v Vanderbilt, supra,* pp 418-419 [footnotes omitted]). Plaintiff's remaining arguments to distinguish *Kulko* are equally unpersuasive. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.