■ JAMIE L. SOVANSKY, Appellant, v MICHAEL J. SOVANSKY, Respondent.—In an action, inter alia, to vacate or modify certain provisions of a Michigan divorce judgment dated October 3, 1983, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered March 9, 1987, which, inter alia, granted the defendant husband's motion to dismiss the action on the ground of lack of personal jurisdiction over him.

Ordered that the order is affirmed, with costs.

The plaintiff, a resident of New York, commenced this action against her former husband, a resident and domiciliary of Michigan, to vacate or modify certain provisions of the parties' Michigan divorce decree. The defendant, who was served with legal process in Michigan, moved to dismiss the action on the ground of lack of personal jurisdiction (CPLR 3211 [a] [8]).

The plaintiff alleges that a statutory ground for asserting personal jurisdiction over the defendant exists on the basis that the plaintiff is a resident of New York and, either her

claims for relief "accrued under the laws of this state", or "this state was the matrimonial domicile of the parties before their separation" *(see,* CPLR 302 [b]).

We find that the plaintiff's claims clearly did not accrue under the laws of New York *(see,* CPLR 302 [b]). The plaintiff challenges the alimony, child support, and property distribution provisions in a property settlement agreement, which was incorporated in the parties' divorce decree. These claims are all based upon conduct that allegedly occurred in Michigan, and a property settlement agreement, which was negotiated, drafted and executed in Michigan. The agreement was incorporated and specifically "confirm[ed]" in a Michigan divorce decree. Accordingly, it cannot be said that the plaintiff's claims accrued under the laws of this State *(see, Matter of Nilsa B. B. v Clyde Blackwell H.,* 84 AD2d 295, 299). *Browne v Browne* (53 AD2d 134, *appeal dismissed* 40 NY2d 917), relied upon by the plaintiff, is inapposite.

With regard to the contention that New York was "the [marital] domicile of the parties before their separation" (CPLR 302 [b]), we note that the parties were residents and domiciliaries of New York prior to their marriage in 1975. After their marriage, they lived in New York for less than 10 months. Thereafter, they moved to Michigan where they resided for about six years before their separation. During the time that the parties resided in Michigan, they made trips to New York to visit with relatives; for all other purposes, Michigan was their home. Upon the parties' separation in 1982, they negotiated, drafted and executed a property settlement agreement in Michigan, and the defendant commenced an action for divorce, and acquired personal jurisdiction over the plaintiff by service of process in Michigan. Subsequently, the plaintiff and the parties' daughter, who was born in Michigan, moved back to New York. About three years after the divorce judgment was entered, the plaintiff commenced this action. The defendant continues to reside in Michigan and his only connection with New York is that his relatives, including his father and the parties' daughter, live in this State. Under these circumstances, the Supreme Court properly concluded that personal jurisdiction could not be sustained over the defendant. The contacts of the defendant with New York are "so attenuated that a finding that personal jurisdiction existed would violate due process principles" *(cf., Paparella v Paparella,* 74 AD2d 106, 107; *see, Kulko v California Superior Ct.,* 436 US 84, *reh denied* 438 US 908). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.