■ A.E. MARGARET DEUTSCH, Respondent, v GEORGE S. DEUTSCH, Appellant.—Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered October 18, 1989, which granted partial summary judgment to plaintiff for support arrears, unanimously affirmed, without costs.

Plaintiff, a British citizen, commenced this action for failure of defendant to pay alimony and other financial obligations pursuant to a separation agreement dated January 14, 1969, which was incorporated into but not merged with a judgment of divorce obtained in Mexico on January 16, 1969. The parties were married in England in 1945 and became residents and domiciliaries of New York in 1966. While living in this State, they negotiated, drafted and entered into the separation agreement which provides for New York law to govern in a dispute ensuing therefrom. Defendant is now domiciled in Florida. Plaintiff, while presently working in Barbados, has maintained her resident alien status in the United States with New York contacts.

Defendant moved to dismiss the action pursuant to CPLR 3211 for lack of jurisdiction, or alternatively, for forum non conveniens, pursuant to CPLR 327. Plaintiff opposed, predicating jurisdiction pursuant to CPLR 302 (a) (1); (b).

The court found that the separation agreement executed in New York was a sufficient transaction of business to establish jurisdiction over defendant pursuant to CPLR 302 (a) (1) and thus did not reach the question of jurisdiction under CPLR 302 (b). The court further found no showing that Florida is a more convenient forum. We agree.

A separation agreement, negotiated and executed in New York, constituted a "transaction of business" within the State sufficient to obtain jurisdiction under CPLR 302 (a) (1) *(Lynch v Austin,* 96 AD2d 196; *Bruno v Borak,* 52 AD2d 800; *Kochenthal v Kochenthal,* 28 AD2d 117). Accordingly, this court need not examine the issue of jurisdiction pursuant to CPLR 302 (b) *(Underwood v Underwood,* 92 Misc 2d 359). Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.