■ MARGARET M. KLETTE, Respondent, v JOHN T. KLETTE, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 5, 1989, which denied defendant's motion to dismiss the complaint for lack of subject matter and in personam jurisdiction, is unanimously reversed, on the law, the motion to dismiss for lack of in personam jurisdiction is granted and the complaint is dismissed, without costs. Appeal from order of said court entered August 3, 1989, which denied defendant's motion for summary judgment dismissing the complaint, is dismissed as academic, without costs. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff wife and defendant husband were married in New York in 1967 and resided in this State with their two children until 1973 when the family moved to Connecticut. In 1981, the husband accepted a new position with his company and relocated to Virginia while his wife returned to New York with their children.

The parties entered into a written separation agreement in Connecticut on December 22, 1981 and were divorced in Connecticut on that date. Plaintiff now seeks enforcement and modification of the Connecticut divorce judgment and of the underlying separation agreement which was incorporated, but not merged into the judgment. In an order entered August 3, 1989, the Supreme Court denied defendant's motion for summary judgment dismissing the complaint. In a subsequent order, entered December 5, 1989, the court denied defendant's motion to dismiss for lack of in personam and subject matter jurisdiction.

Contrary to the conclusion reached by the Supreme Court, we find that the court lacked in personam jurisdiction over defendant and, accordingly, reverse the order entered December 5, 1989 and dismiss the previous order denying defendant's motion for summary judgment as academic.

We note initially that defendant did not waive the defense of lack of in personam jurisdiction since he raised the defense in his answer (CPLR 3211 [e]; *Calloway v National Servs. Indus.,* 93 AD2d 734, *affd* 60 NY2d 906). In order to sustain personal jurisdiction over a nonresident defendant in a matri-

monial action or Family Court proceeding, plaintiff's claim for relief must have accrued under the laws of this State or this State must have been the marital domicile of the parties before their separation (CPLR 302 [b]; *Sovansky v Sovansky,* 139 AD2d 724).

As in *Sovansky (supra),* plaintiff's claims herein did not accrue under the laws of New York (CPLR 302 [b]). Plaintiff, in her complaint, seeks reimbursement under the separation agreement for sums allegedly expended by her for the tutoring and private school education of the children, modification of the agreement and judgment of divorce, an upward modification of child support and attorney's fees. These claims are all based upon an agreement and judgment of divorce which were negotiated, drafted and executed in Connecticut. Accordingly, plaintiff's claims did not accrue under the laws of New York *(Sovansky v Sovansky, supra).*

Under the circumstances presented, where New York ceased to be the marital residence of the parties in 1973, a finding of in personam jurisdiction over defendant would also violate due process principles *(Sovansky v Sovansky, supra; see, Kulko v Superior Ct.,* 436 US 84, *reh denied* 438 US 908; *cf., Paparella v Paparella,* 74 AD2d 106). It has been held that the phrase "before their separation" as contained in CPLR 302 (b) does not mean that personal jurisdiction exists if the parties had their matrimonial domicile in New York at *any* time before their separation. *(Lieb v Lieb,* 53 AD2d 67, 72.) Rather, the parties must have resided together in New York at some time within the recent past *(supra,* at 72). In *Lieb,* the court held that jurisdiction did not attach since the parties had not resided in New York for 12 years prior to their separation. In *Sovansky v Sovansky (supra),* the court held that personal jurisdiction could not be sustained over defendant since the parties had only lived in New York for 10 months after their marriage when they moved to Michigan where they lived together for six years before separating. This is not a case where plaintiff has continuously remained a resident of this State *(cf., Lynch v Austin,* 96 AD2d 196) or where the parties only "experimented" in residing temporarily in other States *(cf., Paparella v Paparella, supra,* Moule, J. concurring).

Defendant, who was served in Virginia, has not resided in New York since 1973. Although the parties maintained a matrimonial residence here for six years, they subsequently lived in Connecticut for eight years *(cf., Matter of Ifland v Ifland,* 120 Misc 2d 820, where jurisdiction was upheld where the parties had resided in New York for seven years before

moving to New Jersey where they lived for four years prior to separating). The parties' separation agreement and divorce judgment were entered into in Connecticut after which plaintiff moved back to New York. The fact that defendant may have consented to and assisted in his family's move to New York is inconsequential. Nor do defendant's visits to his children, their schools and therapists in this State or his occasional presence at business meetings here establish sufficient contacts with the State to justify extending in personam jurisdiction over him. "The contacts of the defendant with New York are 'so attenuated that a finding that personal jurisdiction existed would violate due process principles' *(cf., Paparella v Paparella*, 74 AD2d 106, 107; *see, Kulko v California Superior Ct.*, 436 US 84, *reh denied* 438 US 908)" *(Sovansky v Sovansky, supra*, at 725). Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.