■ MICHELE JACOBSON, Appellant, v GENE GRINDLINGER, Respondent.—In an action to recover damages for breach of a stipulation of settlement of a Massachusetts matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Yachnin, J.), dated January 26, 1990, which granted the defendant's motion to dismiss the complaint, and (2) an order of the same court, dated April 4, 1990, which denied the plaintiff's motion for reargument.

Ordered that the appeal from the order dated April 4, 1990, is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the order dated January 26, 1990, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced the instant action against the defendant, her former husband, seeking the recovery of (1) tuition expenses for the children which the defendant was required to pay pursuant to an agreement settling their Massachusetts divorce action, and (2) the expenses she incurred in connection with the bar mitzvah of the parties' oldest son. The record reveals that the parties resided in Massachusetts prior to their separation and obtained a Massachusetts divorce in 1979. Thereafter, the plaintiff relocated to New York with the parties' two children. The defendant remained in Massachusetts after the divorce and is a Massachusetts domiciliary. Notably, the claim with respect to the bar mitzvah expenses arose not from the parties' stipulation of settlement, but rather, is premised solely upon certain alleged oral statements made by the defendant, to the effect that he would contribute to the bar mitzvah costs. The Supreme Court dismissed the plaintiff's action, finding, *inter alia,* that it lacked personal jurisdiction over the defendant.

On appeal, the plaintiff argues, *inter alia,* that the defendant's oral statements concerning the payment of bar mitzvah expenses constituted a "contract to supply goods or services in New York", requiring a finding that he "transacted business" in this State within the meaning of CPLR 302 (a) (1). We disagree.

It is well settled that in order for a court to exercise personal jurisdiction over a defendant, that defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " *(International Shoe Co. v Washington,* 326 US 310, 316, quoting from *Milliken v Meyer,* 311 US 457, 463). Further, "an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State" *(Kulko v California Superior Ct.,* 436 US 84, 92, quoting from *International Shoe Co. v Washington, supra,* at 316-317). Those contacts are lacking in the instant case.

We further find that the defendant's alleged oral discussions with his ex-wife concerning the payment of bar mitzvah expenses do not amount to "purposeful" activity within New York which would justify the exercise of jurisdiction over the defendant's person *(see, Kulko v California Superior Ct., supra; Klette v Klette,* 167 AD2d 197, 197-198; *cf., Kreutter v McFadden Oil Co.,* 71 NY2d 460, 467). Nor has the plaintiff shown how, by making the statements, the defendant purposefully availed "himself of the privilege of conducting activities in this State, thus invoking the benefits and protections of our laws" *(Abbate v Abbate,* 82 AD2d 368, 383, quoting from *Hanson v Denckla,* 357 US 235, 253; *see also, Kulko v California Superior Ct., supra,* at 94; *Shaffer v Heitner,* 433 US 186, 216; *Klette v Klette, supra).* Accordingly, the Supreme Court properly concluded that it lacked jurisdiction over the defendant's person and dismissed the plaintiff's complaint. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.