JANE E. LEVY, Respondent, v HAROLD M. LEVY, Appellant.

Third Department, January 7, 1993

**APPEARANCES OF COUNSEL**

*Holmberg, Galbraith, Holmberg, Orkin & Bennett,* Ithaca *(Dirk A. Galbraith* of counsel), for appellant.

*Bixler & Stumbar,* Ithaca *(L. Richard Stumbar* of counsel), for respondent.

**OPINION OF THE COURT**

MIKOLL, J. P.

The primary issue presented on this appeal is whether Supreme Court properly held that the phrase "provided that this state was the matrimonial domicile of the parties before their separation" as used in CPLR 302 (b) is sufficient to confer personal jurisdiction over defendant, a nonresident, who was served with a summons in the instant matrimonial action brought by plaintiff, a New York resident, in Washington based on the parties' former matrimonial domicile in New York. Our examination of the issue leads us to the conclusion that the words "before their separation" in the statute should be given an expansive interpretation and the order of Supreme Court should therefore be affirmed.

Defendant and plaintiff married in New York on July 20, 1970 residing in the matrimonial residence together. They had their first child in New York in 1973. They moved to Massachusetts in 1974 and then to Texas in 1976. They reestablished their marital domicile in New York in August 1979. In July 1981 plaintiff became disturbed when defendant told her that he was a homosexual but not sexually active. The parties next moved to California with the understanding that they would continue their marriage and that defendant would not be involved in homosexual relationships. Defendant did not abide by this understanding in California. Plaintiff consequently moved back to Tompkins County in October 1982 with

their two daughters, where she currently resides. Defendant moved to Onondaga County in 1987 and resided there until he moved to New Jersey in 1988. In the fall of 1989 defendant moved to Washington where he still resides. He visited Tompkins County on numerous occasions, especially when he resided in Onondaga County, and often stayed with plaintiff and his daughters in Tompkins County. The parties presented themselves to the community as a family during such visits.

Case law on the issue is meager and diverse and the legislative history is sparse. The issue is one of first impression in this Department. The Second Department has placed a narrow interpretation on the phrase "before their separation", defining it to mean that separation of the parties must have taken place in this State " 'at least within the recent past' " *(Lieb v Lieb,* 53 AD2d 67, 72, quoting Foster and Freed, *Thumbs Up for "Long Arm" Amendment,* NYLJ, May 26, 1972, at 6, col 2) or that New York must have been the place of the "last substantial matrimonial domicile before the separation" *(Richardson v Richardson,* 58 AD2d 861). The First Department held that personal jurisdiction over a nonresident in Virginia was not obtained where the parties married in New York, resided there for six years then moved to Connecticut where they lived for eight years before separating, with the wife returning to New York and the husband moving to Virginia *(Klette v Klette,* 167 AD2d 197). The Fourth Department, however, has taken a broader view of the language, finding personal jurisdiction based on "the strong interest [New York] has in the outcome because of the long period during which New York had been the parties' marital domicile, their relatively recent departure from the State and the short time plaintiff lived without it" *(Paparella v Paparella,* 74 AD2d 106, 107).

Review of the legislative history available indicates that the reason for the enactment of CPLR 302 (b) in 1974 was to provide increased protection for single-parent family members left in New York *(see, Paparella v Paparella, supra,* at 112-113 [Moule, J., concurring], citing Mem of Member of Assembly Blumenthal, 1974 NY Legis Ann, at 41-42; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:26, at 117-118). Justice Moule in his concurrence in *Paparella* found it significant "that the Legislature has rejected a recent proposal to amend CPLR 302 (subd [b]). The proposed amendment would have changed 'provided that this state was the matrimonial domicile of the

parties before their separation' to read 'provided that this state was the *last* matrimonial domicile of the parties before their separation' " *(Paparella v Paparella, supra,* at 113 [Moule, J., concurring], quoting CPLR 302 [b] [emphasis supplied]). As the Legislature declined to fix a specific time limit within which the parties must have been domiciled in New York before separation despite the opportunity to do so, it would be inappropriate for the judiciary to fix such a limit *(see, supra,* at 111, 113). In light of this history, we find the constructions placed on CPLR 302 (b) in *Lieb v Lieb (supra), Richardson v Richardson (supra)* and *Klette v Klette (supra)* unnecessarily restrictive.

Plaintiff's argument that there were sufficient contacts by defendant with New York to comply with constitutional due process concerns relating to the application of the statute to defendant has merit. Plaintiff demonstrated that the nondomiciliary defendant had "certain minimum contacts" with New York so that " 'traditional notions of fair play and substantial justice' " were not offended *(International Shoe Co. v Washington,* 326 US 310, 316, quoting *Milliken v Meyer,* 311 US 457, 463). Defendant's contacts with New York were greater than the more attenuated contacts found in *Kulko v California Superior Ct.* (436 US 84) or in *Mogavero v Mogavero* (101 AD2d 907, *lv denied* 63 NY2d 603) which were insufficient to confer jurisdiction. Further, defendant, by his conduct and activities in New York including his return and his visits to his family at the family home, purposely availed himself of New York's laws, protection and benefits *(see, Kulko v California Superior Ct., supra)* and thus may reasonably be held subject to New York's laws *(see, Burger King Corp. v Rudzewicz,* 471 US 462, 472). In these circumstances it is not unfair to require that defendant litigate this marital claim in New York *(see, Lynch v Austin,* 96 AD2d 196).

YESAWICH JR., MERCURE, CREW III and CASEY, JJ., concur.

Ordered that the order is affirmed, with costs.