■ GISELA STARON, Respondent, v FRANK STARON, Appellant. [629 NYS2d 46] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Prudenti, J.), dated September 30, 1993, which denied his motion, inter alia, (1) to dismiss the summons for lack of jurisdiction, (2) to vacate his default in answering, and (3) for counsel fees.

Ordered that the order is modified, by deleting the provision thereof which denied the appellant's request for counsel fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The record provides a sufficient basis to conclude that the court had jurisdiction over the defendant husband. In order to sustain personal jurisdiction over a nonresident defendant in a matrimonial action, inter alia, the plaintiff's claim for relief must have accrued under the laws of this State or this State must have been the marital domicile of the parties before their separation (CPLR 302 [b]; Sovansky v Sovansky, 139 AD2d 724). The term "before their separation" means that the

separation of the parties must have taken place in this State "at least within the recent past" *(Lieb v Lieb,* 53 AD2d 67, 72; *Klette v Klette,* 167 AD2d 197) or that New York must have been the place of the "last substantial matrimonial domicile before the separation" *(Richardson v Richardson,* 58 AD2d 861).

We agree with the Supreme Court, Suffolk County, that it had jurisdiction over the defendant. It is clear that New York State was the last substantial matrimonial domicile before the parties separated, since the parties continued to maintain a marital residence in New York until June 1992 when the defendant moved out, and the plaintiff commenced the instant action for divorce in December 1992.

The Supreme Court erred by not granting the defendant's request for counsel fees. Domestic Relations Law § 237 provides that the court may direct either spouse to "pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties".

Generally, although "the matter of [attorney's] fees is entrusted to the sound discretion of the trial court, it is 'nonetheless to be controlled by the equities of the case and the financial circumstances of the parties' " *(Kavanakudiyil v Kavanakudiyil,* 203 AD2d 250, 252, citing *Maimon v Maimon,* 178 AD2d 635). However, here, the defendant had not been steadily employed for a number of years and the record therefore supports a conclusion that he lacked the necessary funds to defend the action commenced by his wife. The matter must therefore be remitted for a hearing and determination as to the amount of counsel fees that should be awarded to the husband.

We have reviewed the defendant's remaining contentions and find them to be without merit or premature. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.