■ VIDYARTHI H. BABU, Appellant, v HARI BABU, Respondent. [645 NYS2d 899] —White, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered August 1, 1995 in Saratoga County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

The parties were divorced pursuant to a judgment rendered by Supreme Court, New York County, in 1985 and defendant left New York. Plaintiff contends that she and defendant resumed their status as a married couple in 1987 pursuant to the common law of Georgia. Thereafter, the parties resided in Kentucky and Illinois, where defendant still resides. According to plaintiff, in August 1989 defendant asked her to accompany his mother to New York, and then called plaintiff in New York to advise her that he was no longer interested in being married to her and to forbid her from returning to Illinois. It appears that plaintiff did return to Illinois in March 1990, but defendant refused to reconcile. Plaintiff then returned to New York where she commenced this second divorce action in December 1990.

New York may exercise long-arm jurisdiction over a nondomiciliary defendant in a matrimonial action involving a demand for financial relief provided New York was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in New York, or the claim for financial relief accrued under the laws of New York or an agreement executed in this State (CPLR 302 [b]). In addition to establishing one of these predicates for jurisdiction, it must also be shown that the defendant has certain minimum contacts with New York (*see, International Shoe Co. v Washington*, 326 US 310, 316). Whether the "minimum contacts" requirement is satisfied depends upon whether the quality and nature of the defendant's activities in New York are such that it is reasonable and fair to require him or her to defend an ac-

tion in this State (*see, Kulko v California Superior Ct.*, 436 US 84, 92).

Even assuming that plaintiff established a predicate for jurisdiction under CPLR 302 (b), we agree with Supreme Court that it would offend due process to subject defendant to jurisdiction since his contacts with New York with respect to the alleged marriage are so attenuated (*see, Matter of Leslie GG. v William HH.*, 175 AD2d 378, 380; *Klette v Klette*, 167 AD2d 197, 199; *Sovansky v Sovansky*, 139 AD2d 724, 725; *compare, Staron v Staron*, 215 AD2d 646). Accordingly, we affirm Supreme Court's order dismissing the complaint.

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.