■ MICHELE BIRDSALL, Individually and as Mother and Guardian of JOSEPH S. MELITA et al., Infants, Appellant, v ANTHONY J. MELITA, Respondent. [688 NYS2d 283] —Peters, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered June 11, 1998 in Otsego County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

In 1978, plaintiff and defendant were married in New York and lived here briefly. While residing in Pennsylvania, they ultimately entered into a written settlement agreement, dated April 11, 1986, which survived their judgment of divorce and addressed, *inter alia*, issues of child support and medical expenses for their two children, both born outside of New York. Shortly after their divorce in 1986, plaintiff relocated with the children to New York and respondent moved to Virginia. Although not in the record before us, it appears undisputed that a child support order was entered in Virginia and that defendant had consistently made payments in such State which

---

were received by petitioner in New York. It is further undisputed that defendant maintains regular and frequent communication and visitation with his children in New York.

Plaintiff, individually and on behalf of the children, commenced this action contending that defendant breached various provisions of their settlement agreement in that he failed to provide the children with health insurance coverage since 1992, failed to provide proof that the children have been named as sole beneficiaries on his life insurance policy, failed to increase child support* in accordance with the increase in the consumer price index, and failed to pay the children's unreimbursed medical expenses. Defendant moved to dismiss the complaint for lack of personal jurisdiction, contending that the requirements of CPLR 302 (a) cannot be met and that jurisdiction cannot be derived from CPLR 302 (b) because New York is not the matrimonial domicile. Supreme Court granted defendant's motion and this appeal ensued.

We reject any contention that this matter is governed by the Uniform Interstate Family Support Act (Family Ct Act art 5-B) since plaintiff does not seek to establish, enforce or modify a support order. Sufficient minimum contacts with this State must be found in order to exercise long-arm jurisdiction over defendant pursuant to CPLR 302 (a) so that " ' "traditional notions of fair play and substantial justice" ' were not offended" (*Levy v Levy*, 185 AD2d 15, 18, *appeal dismissed* 82 NY2d 707, quoting *International Shoe Co. v Washington*, 326 US 310, 316, quoting *Milliken v Meyer*, 311 US 457, 463). Obligated to view all of the facts pertaining to defendant's exercise of his rights pursuant to the terms and conditions of the agreement, not merely the location of events leading to its consummation (*see*, *Lynch v Austin*, 96 AD2d 196, 198-199; *Collateral Factors Corp. v Meyers*, 39 AD2d 27, 29) to determine " 'whether the "quality and nature" of [such] activity is such that it is "reasonable" and "fair" to require him to conduct his defense in [this] State' " (*Jacobson v Grindlinger*, 178 AD2d 507, 508, quoting *Kulko v California Superior Ct.*, 436 US 84, 92, quoting *International Shoe Co. v Washington*, *supra*, at 316-317), we find no basis upon which jurisdiction can be exercised. Instead, our review reveals that, unlike the contacts in *Lynch v Austin* (*supra*), defendant's payment of child support in Virginia, received by plaintiff in New York, coupled with defendant's visitation and phone calls to the parties' children, does not amount to purposeful activity within the State sufficient to "invok[e] the

* The parties advise that issues pertaining to child support are being pursued in Virginia pursuant to the Uniform Interstate Family Support Act.

benefits and protections of its laws" (*Hanson v Denckla*, 357 US 235, 253).

Accordingly, we affirm the dismissal of the action upon this basis.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.