■ GEORGE LIPSKI, Appellant, v MARGARET LIPSKI, Respondent. [740 NYS2d 324] —Order, Supreme Court, New York County (Judith Gische, J.), entered April 3, 2001, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff should not be collaterally estopped from asserting jurisdiction where it appears that, in his prior action for divorce, the issue of jurisdiction was first raised orally and decided at a conference, the only one held in the case, that neither he nor his attorney attended, and it does not otherwise appear that plaintiff had a full and fair opportunity to litigate the issue (*see*, *Ryan v New York Tel. Co.*, 62 NY2d 494, 501). Nevertheless, we affirm, since plaintiff fails to show in the instant case any of the bases for personal jurisdiction under CPLR 302 (b). Specifically, the documentary evidence demonstrates that well before the parties separated in 1997 or 1998, the matrimonial domicile had been Vermont, where, among other things, defendant has continuously resided since 1994, the parties have drivers' licenses and register their cars, plaintiff applied for and became a citizen, and which has been listed as the parties' residence on federal, Vermont and New York tax returns since at least 1997. The action is not saved by Domestic Relations Law § 230, which does not provide alternative residency grounds for jurisdiction but rather additional residency requirements that "go only to the substance of the divorce cause of action, not to the competence of the court to adjudicate the cause" (*Lacks v Lacks*, 41 NY2d 71, 73). Concur—Nardelli, J.P., Sullivan, Wallach and Rubin, JJ.