■ SHARON SENHART, Appellant, v NECDET SENHART, Respondent. [795 NYS2d 642]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Sunshine, J.), dated July 12, 2004, which granted that branch of the defendant husband's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (8) and 302 (b) for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff wife commenced the instant action for a divorce and ancillary relief. At issue here is whether there was personal jurisdiction over the defendant husband, who currently resides in Florida. The plaintiff contends that the defendant is subject to personal jurisdiction in the New York courts on the ground, inter alia, that New York was the matrimonial domicile of the parties prior to their separation (*see* CPLR 302 [b]; *Senhart v Senhart*, 4 Misc 3d 862 [2004]).

The parties were married in Florida on October 24, 1976. After residing in Rhode Island where their son was born in 1977, they moved to Orange Park, Florida, in 1979. In 1981 the parties rented an apartment in Flushing, New York, and purchased the apartment in 1982, while the defendant husband maintained a home in Florida.

According to the plaintiff wife, from 1983 through 1986, their son attended public school in Flushing. In 1989 the apartment was sold and the plaintiff wife purchased a condominium in

Queens where she lived with the parties' son until 1990. From 1981 until 1990 the defendant husband spent 12 to 25% of his time in New York and the plaintiff wife and her son spent holidays and summers in Florida.

In 1990 the condominium was sold and the plaintiff wife lived with the parties' son in a rental apartment in Brooklyn until she purchased a home in Brooklyn in 1995. The plaintiff wife contends that the defendant husband continued to visit her in New York and stayed at her Brooklyn home for several weeks in 1995.

The plaintiff wife acknowledges that during this entire period and until 2002, she filed joint tax returns with her husband and that each of those tax returns stated that the parties' address was in Florida.

The evidence in the record was insufficient to show that the matrimonial domicile was ever in New York. Domicile requires bodily presence in a place with an intent to make it a fixed and permanent home (*see Longwood Cent. School Dist. v Springs Union Free School Dist.*, 1 NY3d 385, 388 [2004]). At best, the evidence indicated that the parties, some 13 years before the commencement of the action, maintained dual residences in New York and Florida, while indicating on their joint tax returns that their matrimonial domicile was Florida (*see Lipski v Lipski*, 293 AD2d 344 [2002]). Further, the evidence showed that the defendant did not have sufficient minimum contacts with New York (*see Babu v Babu*, 229 AD2d 758 [1996]; *Klette v Klette*, 167 AD2d 197 [1990]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur. [*See* 4 Misc 3d 862 (2004).]