■ THUY-AN JULIEN, Appellant, v TERRENCE JULIEN, Respondent. [912 NYS2d 42]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered March 2, 2010, dismissing the complaint for lack of in personam jurisdiction, unanimously affirmed, without costs.

Plaintiff failed to demonstrate any of the grounds on which the court could exercise personal jurisdiction over defendant under CPLR 302 (b). From 2002 to 2007, the matrimonial domicile was Florida, where the parties jointly rented an apartment into which they moved their possessions and pets, and which

was listed as their residence on federal and New York State tax returns (*see Lipski v Lipski*, 293 AD2d 344 [2002]). Although the parties resided together in New York between 2001 and 2002, it is clear that New York was not the matrimonial domicile "before their separation," as that term is used in CPLR 302 (b) (*see Klette v Klette*, 167 AD2d 197, 198 [1990]).

"Having determined that the parties did not maintain a marital domicile in New York, it follows that plaintiff's claims for maintenance, equitable distribution, and other ancillary relief did not accrue under the laws of this state" (*Senhart v Senhart*, 4 Misc 3d 862, 870 [2004], *affd* 18 AD3d 642 [2005]). Nor was there any evidence that plaintiff was abandoned in New York.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.