■ MARILYN HOPEMAN, Appellant, v ALBERT A. HOPEMAN III, Respondent. [9 NYS3d 235]—

Order, Supreme Court, New York County (Marilyn T. Sugarman, Ref.), entered on or about April 17, 2013, which granted defendant husband Albert A. Hopeman's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff failed to demonstrate that the court could exercise personal jurisdiction over defendant under CPLR 301 or 302 (b), since there was no evidence that he had established "physical presence in the State and an intention to make the State a permanent home" (*Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 28 [1984]; *see also Matter of Ranftle*, 108

AD3d 437, 441 [1st Dept 2013], *affd* 22 NY3d 1146 [2014], *cert denied* 574 US —, 135 S Ct 270 [2014]).

Defendant, a United States citizen, relocated to Shanghai China in 1987. The parties met in Shanghai in 1996 and were married in Hong Kong in 1998. Prior to the marriage, plaintiff, a Chinese citizen, moved to the United States to attend graduate school in Denver, Colorado. In 2000, following her graduation, plaintiff relocated with defendant's assistance to New York in order to obtain three years of work experience before returning to Shanghai. However, plaintiff never returned to Shanghai, and in 2009, defendant ceased providing financial support for her.

The evidence adduced at the hearing established that between 2000 and 2006, defendant spent 91 days in the New York apartment that he had leased for plaintiff, that he kept only a few personal belongings there, and that he had not been there since January 2006, approximately five years prior to the commencement of the instant divorce action. Supreme Court properly found that the limited time that defendant spent in the New York apartment with plaintiff during the course of the marriage was insufficient to find that it was the parties' marital domicile (*see Senhart v Senhart*, 4 Misc 3d 862, 870 [Sup Ct, Kings County 2004], *affd* 18 AD3d 642 [2d Dept 2005]; *see also Klette v Klette*, 167 AD2d 197, 199 [1st Dept 1990]).

We note that defendant lived and worked in China at all times during the marriage; he has never filed any New York State income tax returns, and did not have a New York driver's license, own property in New York, vote in New York, perform jury duty, or have any bank accounts in New York. Even if the New York apartment were regarded as one of the parties' marital residences, "New York has long recognized that 'residence' and 'domicile' are not interchangeable" and "while a person can have but one domicile he can have more than one residence" (*Antone*, 64 NY2d at 28; *Senhart*, 4 Misc 3d at 870).

Plaintiff's claim of abandonment is not supported by the record, and her remaining contentions are either unpreserved or unavailing. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.