Crosby v Crosby (2019 NY Slip Op 08469)





Crosby v Crosby


2019 NY Slip Op 08469


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

528103

[*1]Cynthia F. Crosby, Respondent,
v
Richard A. Crosby, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Miller Mayer, LLP, Ithaca (Anthony N. Elia of counsel), for appellant.
Learned, Reilly, Learned & Hughes, LLP, Elmira (Diana L. Hughes of counsel), for respondent.



Clark, J.
Appeal from a corrected order of the Supreme Court (Morris, J.), entered November 1, 2018 in Schuyler County, which, among other things, denied defendant's motion to dismiss the complaint.
In May 2018, plaintiff (hereinafter the wife) commenced this divorce action, alleging that her nearly 27-year-long marriage to defendant (hereinafter the husband) had irretrievably broken down. The husband filed an answer in July 2018, in which he asserted a single affirmative defense — namely, that Schuyler County was an inconvenient forum. Roughly two months later, the husband moved for dismissal of the complaint based upon a lack of personal jurisdiction or, alternatively, for an order transferring the action to Kentucky, where he resides. Without seeking leave to amend his answer, the husband attached to his motion to dismiss an amended answer in which he asserted additional affirmative defenses, including lack of personal jurisdiction. The wife rejected the amended answer as untimely (see CPLR 3025 [a]), opposed the husband's motion to dismiss and cross-moved for, among other things, child support and temporary maintenance. The husband subsequently moved for leave to file and serve the amended answer that he had attached to his motion to dismiss. Supreme Court denied the husband's motion to dismiss based upon the finding that it had personal jurisdiction over him and, as a result of that determination, denied the husband's motion for leave to amend his answer as moot. With respect to the wife's cross motion, the court withheld decision pending the provision of financial disclosure. The husband appeals.
Initially, Supreme Court erred in denying, as moot, the husband's motion for leave to amend his answer to include, as relevant here, the affirmative defense of lack of personal jurisdiction. Inasmuch as that defense was not raised in the husband's original answer, it could not be properly raised in the motion to dismiss unless and until the husband was granted leave to amend his answer (see CPLR 3211 [e]; Iacovangelo v Shepherd, 5 NY3d 184, 187 [2005]). Thus, Supreme Court should have first resolved the husband's motion for leave to amend, so as to determine whether the affirmative defense of personal jurisdiction was properly before it (see generally Cole v Rappazzo Elec. Co., 267 AD2d 735, 738 [1999]). Notwithstanding Supreme Court's failure in this respect, we will address the merits of the husband's motion for leave to amend in the interest of judicial economy (see Brewer v Weston, 309 AD2d 1088, 1089 [2003]).
Leave to amend a pleading "'should be freely granted in the absence of prejudice or surprise resulting from the delay[,] except in situations where the proposed amendment is wholly devoid of merit'" or palpably insufficient (Bast Hatfield, Inc. v Schalmont Cent. School Dist., 37 AD3d 987, 988 [2007], quoting Berger v Water Commrs. of Town of Waterford, 296 AD2d 649, 649 [2002]; see CPLR 3025 [b]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017]). Here, there was no showing of prejudice or surprise resulting from the delay and, as is evident from the discussion below, the amendment was not patently devoid of merit or palpably insufficient. Accordingly, Supreme Court should have granted the husband leave to amend his answer to include the affirmative defense of lack of personal jurisdiction (see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1249 [2018]; Jem, Inc. v Dewey, 195 AD2d 690, 692 [1993]), and then proceeded to address the merits of that defense.
Turning to the issue of personal jurisdiction, New York may exercise long-arm jurisdiction over a nondomiciliary defendant in a matrimonial action brought by a New York domiciliary involving a demand for financial relief provided that, as relevant here, New York was the matrimonial domicile of the parties before their separation or the claim for relief accrued under the laws of New York (see CPLR 302 [b]; Babu v Babu, 229 AD2d 758, 758 [1996]). "In addition to establishing one of these predicates for jurisdiction, it must also be shown that the defendant has certain minimum contacts with New York" (Babu v Babu, 229 AD2d at 758). "Whether the 'minimum contacts' requirement is satisfied depends upon whether the quality and nature of the defendant's activities in New York are such that it is reasonable and fair to require him or her to defend an action in this [s]tate" (Babu v Babu, 229 AD2d at 758-759; see Kulko v Superior Court of Cal., City & County of San Francisco, 436 US 84, 92 [1978]).
Assuming, without deciding, that the wife established one of the predicates for jurisdiction under CPLR 302 (b), we find that the quality and nature of the husband's activities in New York were such that it would be unreasonable and unfair to require him to defend an action in this state. Although the parties married in New York in 1991 and resided here until 1995, they have not resided together in this state in over 23 years. From 2003 until 2015, the parties resided together in Kentucky, where, at the time of commencement of this action, the husband was employed as a university professor and the parties owned real property. With the husband's consent, the wife moved to New York with the parties' son [FN1] in August 2015 and, as vaguely asserted by the wife, the husband has visited them in New York. The parties have not rented or purchased a home in New York. Rather, the wife and the son have lived rent-free with the wife's parents, with the husband providing additional financial support. In our view, the husband's contacts with New York are insufficient to warrant the exercise of personal jurisdiction over him (cf. Kulko v Superior Court of Cal., City & County of San Francisco, 436 US at 92-95; Birdsall v Melita, 260 AD2d 809, 810-811 [1999], lv denied 93 NY2d 812 [1999]; Klette v Klette, 167 AD2d 197, 198-199 [1990]; Mogavero v Mogavero, 101 AD2d 907, 908 [1984], lv denied 63 NY2d 603 [1984]; compare Bowman v Bowman, 82 AD3d 144, 152 [2011]; Levy v Levy, 185 AD2d 15, 18 [1993], appeal dismissed 82 NY2d 707 [1993]). Accordingly, Supreme Court should have granted the husband's motion to dismiss the complaint for lack of personal jurisdiction.
In light of our determination, we need not address the husband's contention that the action should have been transferred to Kentucky, as the more convenient forum.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the corrected order is reversed, on the law, without costs, defendant's motions granted, complaint dismissed, and plaintiff's cross motion denied, as academic.



Footnotes

Footnote 1: The son reached the age of majority shortly after the commencement of this action. The parties also have an older child, who lives in Kentucky with her spouse.