Karam v Karam (2021 NY Slip Op 05085)





Karam v Karam


2021 NY Slip Op 05085


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 311251/18 Appeal No. 14222 Case No. 2020-03268 

[*1]EgleÉ CaÑizalez Karam, Plaintiff-Appellant,
v
Oswaldo Karam, Defendant-Respondent.


Rabin Schumann and Partners LLP, New York (Bonnie E. Rabin of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Michael A. Mosberg of counsel), for respondent.



Order, Supreme Court, New York County (Laura Drager, J.), entered January 3, 2020, which granted defendant husband's motion to dismiss the complaint on grounds of lack of personal jurisdiction and forum non conveniens, unanimously affirmed, without costs.
The motion court correctly determined that it did not have personal jurisdiction over defendant. Contrary to plaintiff wife's contention, the post-nuptial agreement executed by the parties in New York in 2015 does not substantially comply with Domestic Relations Law (DRL) § 236(B)(3) and therefore fails to constitute a transaction of business for long-arm jurisdictional purposes (CPLR 302[a][1]; see Deutsch v Deutsch, 166 AD2d 345, 346 [1st Dept 1990]). The certificates of acknowledgement in the post-nuptial agreement do not contain language confirming that the notary personally knew the parties or had ascertained through some form of proof that the parties were those described in the agreement, rendering the agreement invalid (see DRL 236[b][3]; Galetta v Galetta, 21 NY3d 186, 192, 193-194 [2013]). Notably, although plaintiff argues that she should have been permitted to cure the defect, she offered no evidence that, although the requisite language was omitted, the acknowledgment was properly made (id. at 196-197).
The 2015 agreement is also defective on its face for lack of consideration (see Reddy v Mihos, 160 AD3d 510, 515 [1st Dept 2018], lv denied 32 NY3d 902 [2018]; Korff v Corbett, 155 AD3d 405, 410-11 [1st Dept 2017], lv denied 31 NY3d 912 [2018]). Given that defendant received no clear benefit, his partial compliance with the agreement's terms does not render the contract valid and enforceable (see Pippis v Pippis, 69 AD3d 824, 825 [2d Dept 2010]).
Defendant's various business interests and indirect ownership of real property in New York cannot serve as bases for jurisdiction under CPLR 302(a)(1) and (a)(4), since plaintiff failed to articulate the requisite nexus either between the divorce action and any in-state business transaction (see generally Johnson v Ward, 4 NY3d 516, 519 [2005]) or between the action and defendant's ownership, possession, or use of New York real property (see Marie v Altshuler, 30 AD3d at 271, 272 [1st Dept 2006]). Nor can personal jurisdiction be asserted under CPLR 302(b) since New York was never the parties' matrimonial domicile (see Klette v Klette, 167 AD2d 197, 197-198 [1st Dept 1990]).
Plaintiff argues that she should have been permitted further jurisdictional discovery, but she failed to demonstrate that essential jurisdictional facts might exist that were not presently known (see Copp v Ramirez, 62 AD3d 23, 31 [1st Dept 2009], lv denied 12 NY3d 711 [2009]).
The court providently exercised its discretion in dismissing the complaint on the additional ground of forum non conveniens, finding that plaintiff's residence in New York is outweighed by other factors to be considered (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], [*2]cert denied 469 US 1108 [1985]). The parties, who both are Venezuelan citizens, executed a prenuptial agreement in Venezuela that is written in Spanish and implicates foreign law. Defendant resides and maintains his business in Panama, where the parties jointly own property, and has indicated that his ability to travel to New York is restricted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021